THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* AN-
DRÉS ARROYO AGOSTO, Defendant and Appellant.

No. CR-65-419. Decided April 4, 1966.

*Elizabeth A. de Watlington* for appellant. *J. B. Fernández
Badillo, Solicitor General,* and *Manuel Tirado Viera, Assist-
ant Solicitor General,* for The People.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

The prosecuting attorney filed an information of assault to commit rape against appellant committed in the following manner:

"The aforementioned defendant, Andrés Arroyo, on March 15, 1964 and in the municipality of Las Piedras, . . . illegally, wilfully, maliciously, and criminally assaulted, with intent to commit rape, a woman, not his wife, Dolores Rivera Marcano, who offered resistance, and whom he intended to subdue by force, violence, and threats."

A jury found him guilty of said offense and he was ordered to serve from one to four years in the penitentiary.

On appeal he assigns the commission of the following error:

"Sole error: The trial court erred in not deciding that the corroboration of the prosecutrix's testimony in this case was necessary."

The evidence for the prosecution consisted solely of the prosecutrix's testimony and that of detective Félix B. Donato.

The prosecutrix, Dolores Rivera Marcano, married, 63 years old, testified that about 10:30 p.m. on the night of March 15, 1964, she was returning from church in ward Collores in Las Piedras; that on her way home she heard the steps of a person who was following her, she looked back and when she recognized defendant she greeted him; he asked her what was the matter with her and she answered that she was going home and proceeded on her way; defendant seized her by the neck and threw her to the ground and when she started screaming he pulled her towards some bamboo plants; then defendant demanded from her consent to perform certain sexual acts to which she did not consent, begging him not to do that to her and advised him not to act in that manner; that defendant ignored her pleas and on the contrary proceeded to force her, under threats of death, to achieve his desires when he was stopped by the victim's son, who made defendant leave the place.

As a result of Mrs. Rivera Marcano's screams several persons gathered in the place, among them detective Félix B. Donato who testified that on the day of the event he was getting ready to retire when he heard screams; he dressed and went to the place from where the screams came and there he saw a group of persons; he addressed the prosecutrix and she said, "my son, I was almost raped and killed"; that the woman told him what had happened, she was nervous and could not speak clearly, and she appeared all beaten, her mouth bleeding, her dress was torn, and she was without shoes and glasses; he asked her to describe the aggressor and she said he was colored, rough, and a strong man; that she did not mention the aggressor's name; that later he called the police.

The theory of the defense was alibi, but it is not necessary to make a summary of the evidence introduced in its support.

The judge instructed the jury as follows:

"In cases of assault to commit rape, as the one now under consideration of the jury, the law does not require that the testimony of the aggrieved woman be corroborated by other evidence, as in cases of rape, properly speaking, or seduction. However, the nature of these cases indicates the necessity of some element of evidence which, besides the prosecutrix's testimony, somehow connects defendant with the commission of the crime charged."

We must determine whether this instruction is correct, since if it is, the evidence for the prosecution would be sufficient to support the verdict of conviction.

In certain offenses the corroboration of the aggrieved woman's testimony was governed by § 250 of the Code of Criminal Procedure (34 L.P.R.A. § 729). Said section provided:

"Upon a trial for procuring or attempting to procure an abortion, or aiding or assisting therein, or for inveigling,

enticing, or taking away an unmarried female of previous chaste character, under the age of twenty-five years, for the purpose of prostitution, or aiding or assisting therein, or upon a trial for seduction under promise of marriage, or for rape, the defendant can not be convicted upon the testimony of the woman upon or with whom the offense was committed, unless her testimony is corroborated by other evidence."

With the approval of the Rules of Criminal Procedure, said § 250 was repealed and its provisions, although incorporated into the new Rules, suffered two fundamental amendments. One consisted in incorporating the offense of attempt to commit rape and the other in requiring a more exacting evidence for the corroboration of the aggrieved woman's testimony. Rule 154 of the Rules of Criminal Procedure provides:

"Upon a trial for procuring or attempting to procure an abortion, or aiding or assisting therein, or for inveigling, enticing or for inducing or deceiving an unmarried female of previous chaste character, under the age of twenty-one to enter a house of ill fame or any other place for the purpose of prostitution or aiding or assisting therein, or for having unlawful carnal relationship with any man, *or upon a trial for seduction under promise of marriage, or for rape or the attempt to commit it,* the defendant cannot be convicted upon the sole testimony of the woman upon or with whom the offense was committed, unless her testimony is corroborated by other evidence which in itself, and without taking into consideration the testimony of the aggrieved woman, tends to connect the defendant with the commission of the offense. This corroboration shall not be sufficient if it merely proves the commission of the offense or the circumstances thereof." (Italics ours.)

However, the Solicitor General maintains that Rule 154 does not include the *assault to commit rape* because it only includes the attempt to commit rape and as both offenses are different, in a prosecution for assault to commit rape, like the one on appeal here, the corroboration of the aggrieved woman's testimony is not necessary, although in this case

the prosecuting attorney introduced some corroborating evidence.

Section 222 of the Penal Code, 33 L.P.R.A. § 761, punishes the offense of assault to commit rape. Said section provides:

"Every person who assaults another with intent to commit rape, the infamous crime against nature, mayhem, robbery, or grand larceny, is punishable by imprisonment in the penitentiary not less than one nor more than fourteen years."

The offense of attempt to commit rape is punishable by § 50 of the same Code. (33 L.P.R.A. § 96.) It reads:

"Every person who attempts to commit any crime but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts, as follows:

1. . . . .
2. . . . .
3. . . . .
4. . . . .

Attempts included in sections 731, 732, 761, and 763 of this title are not included in this section."

■ So that by virtue of the last provision of § 50, the offense of assault to commit rape included in § 761, is excluded therefrom.

■■ The difference between both offenses has already been established by our decisions. The essential elements of the offense of assault with intent to commit rape are the assault, the attack and the intent to rape the victim. *People* v. *Sierra*, 16 P.R.R. 169 (1910). In the crime of attempt to commit rape, the assault and attack are not present like for example when a man attempts to have sexual intercourse with a woman under fourteen years of age or with an insane woman incapable of giving consent. *People* v. *Marrero*, 57 P.R.R. 699 (1940).

Notwithstanding the difference pointed out, the truth is that ultimately both are frustrated attempts. As we have seen it is thus acknowledged by § 50 of the Penal Code itself. In both crimes defendant attempts or there is an intent on his part, to commit a crime, although in one of them the attempt is committed by assaulting and attacking the aggrieved woman and not so in the other. In both offenses there is intent to commit a crime which is not consummated.

 In incorporating § 250 of the Code of Criminal Procedure to Rule 154 of the Rules of Criminal Procedure with the fundamental amendments already stated, and in providing that . . . "upon a trial for seduction under promise of marriage or for *rape* or *attempt* to commit it, defendant cannot be convicted upon the sole testimony of the woman upon or with whom the offense was committed, . . ." the offense of assault to commit rape was not excluded, which as we had already said, is a frustrated rape perpetrated, nevertheless, by attacking the aggrieved woman. For the reasons stated we decide that in the crime of attempt to commit rape incorporated into § 50 as well as in the crime of assault to commit rape, the testimony of the aggrieved woman must be corroborated according to Rule 154 of the Rules of Criminal Procedure. Consequently, it was error to instruct the jury that in the offense of assault to commit rape the aggrieved woman's testimony need not be corroborated.

This does not dispose of the case. Rule 154 differing from the repealed § 250 of the Code of Criminal Procedure requires something more than the prosecutrix' testimony be corroborated by other evidence. Pursuant to said Rule 154 defendant cannot be convicted upon the sole testimony of the woman upon whom or with whom the offense was committed, unless her testimony is corroborated by other evidence *which in itself, and without taking into consideration the testimony of the aggrieved woman,* tends to connect the

defendant with the commission of the offense. This corroboration shall not be sufficient if it merely proves the commission of the offense or the circumstances thereof.

■ In this case the corroborating evidence introduced by the prosecuting attorney, which consisted of the testimony previously recited of detective Félix B. Donato, is insufficient to corroborate the testimony of the aggrieved woman. Said testimony in itself and without taking into consideration the testimony of the aggrieved woman, which is the only additional evidence for the prosecution, does not connect the defendant with the commission of the offense charged. The detective testified that he reached the site of the event and Dolores Rivera Marcano told him that "I was almost raped and killed." She did not tell him who was the assailant and although she described a person, there is nothing in the record to show that that description corresponds to defendant-appellant. At most her testimony tended to prove the commission of the crime or the circumstances thereof, but this is not sufficient corroborating evidence under Rule 154.

The evidence for the prosecution to support the verdict of conviction being insufficient, the judgment appealed from will be reversed and another rendered instead acquitting defendant-appellant.